**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| T&T Enterprises LLC, | No. CV-18-08231-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aztec Secret Health and Beauty Limited, et al., | |
| Defendants. | |

T & T initiated this lawsuit against Aztec and Oceanside on September 21, 2018. (Doc. 1.) The first amended complaint seeks a declaration (1) "that T & T is authorized to sell, on Amazon.com, the Aztec Secret products purchased in good-faith reliance on being able to sell these products on Amazon.com"; or (2) "that in the event T & T cannot sell its product on Amazon due to Aztec Secret's enrollment in the Amazon 'Transparency' program or through other interference by Aztec or Oceanside, Aztec, or its designee, must buy back all of the Aztec Secret products T & T purchased from Aztec and has not yet sold through Amazon.com at the cost T & T paid for the products, including the original and return shipping costs, as well as costs to package/prepare the product for return shipping." (Doc. 26 at 13.)

On December 17, 2018, the Court held a motion hearing concerning several outstanding motions. (Doc. 37.) A few days later, on December 21, 2018, the Court issued an order resolving those motions. (Doc. 39.) Specifically, the Court (1) denied Aztec's motion to dismiss under Rule 12(b)(6), (2) granted Oceanside's motion to dismiss based

upon a lack of personal jurisdiction, and (3) denied T & T's motion to expedite the hearing on its claim for declaratory relief. (*Id.*)

Now pending before the Court is T & T's Motion for Partial Reconsideration and Motion for Leave to Amend Complaint (Doc. 41). T & T argues (1) the Court should reconsider its decision to dismiss against Oceanside based upon a lack of personal jurisdiction, because T & T's counsel proffered certain new facts during the December 17, 2018 motion hearing—facts that weren't included in, and arguably contradict, the first amended complaint—that demonstrate how T & T was harmed by Oceanside's allegedly tortious conduct, and (2) the Court should, in any event, permit T & T to file a second amended complaint that alleges these new facts, as well as certain other new facts, and also includes new causes of action seeking monetary damages. (*Id.*)

As explained below, the Court agrees that T & T should be permitted to amend its complaint in the manner described in the Motion. This amendment will have the effect of reinstituting T & T's claims against Oceanside. However, the Court also concludes that, as a technical matter, T &T is not entitled to reconsideration of the December 21, 2018 order. Thus, the Motion will be denied in part (to the extent it seeks reconsideration) and granted in part (to the extent it seeks leave to file a second amended complaint).

First, the request for reconsideration will be denied. "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). Here, the Court granted Oceanside's motion to dismiss for lack of personal jurisdiction because, *inter alia*, the factual allegations in the first amended complaint did not establish a but-for causal link between Oceanside's conduct and T & T's asserted injuries. To the extent T &T wishes to change its factual allegations to address this deficiency, the proper way to do so is to seek leave to file an amended complaint—not proffer facts during an oral argument (which wasn't designated as an evidentiary hearing) that contradict the operative complaint.

///

T & T has alternatively requested leave to file a second amended complaint containing these new factual allegations against Oceanside (as well as certain other new matters). "Rule 15 advises the court that 'leave shall be freely given when justice so requires,'" and the Ninth Circuit has emphasized that "[t]his policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Here, the Court finds that T & T's request is made in good faith, is not futile, and will not result in undue prejudice to Aztec or Oceanside. Thus, it will grant the request. Furthermore, T & T has complied with LRCiv. 15.1(a) by providing a redlined copy of its proposed second amended complaint as an exhibit to the Motion. (Doc. 41-1.)

Therefore,

**IT IS ORDERED** granting in part, and denying in part, T & T's Motion for Partial Reconsideration and Motion for Leave to Amend Complaint (Doc. 41).

**IT IS FURTHER ORDERED** that leave to amend the first amended complaint is granted. Pursuant to LRCiv 15.1, T & T must file and serve the second amended complaint on all parties under Rule 5 of the Federal Rules of Civil Procedure by January 22, 2019.

Dated this 8th day of January, 2019.

Dominic W. Lanza
United States District Judge